IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY RAUDA, | ) | 1:06-cv-01652-LJO-DLB-P |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | **RE DISMISSAL OF COMPLAINT/** |
| CDCR, et.al., | ) | **ACTION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 30, 2007, the court issued an order denying plaintiff's application to proceed in forma pauperis and requiring plaintiff to pay the $350.00 filing fee within thirty (30) days from the date of service of that order.  The thirty-day period has passed, and plaintiff has failed to comply with or otherwise respond to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where

1

appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal as this

1  case has been pending since 2003.  The third factor, risk of

2  prejudice to defendants, also weighs in favor of dismissal, since a

3  presumption of injury arises from the occurrence of unreasonable

4  delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d

5  522, 524 (9th Cir. 1976).  The fourth factor -- public policy

6  favoring disposition of cases on their merits -- is greatly

7  outweighed by the factors in favor of dismissal discussed herein.

8  Finally, a court's warning to a party that his failure to obey the

9  court's order will result in dismissal satisfies the "consideration

10  of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at

11  1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.

12  Accordingly, the court HEREBY RECOMMENDS that the Complaint, and

13  therefore this action, be DISMISSED based on plaintiff's failure to

14  obey the court's order of July 30, 20007, and pursuant to Local

15  Rule 11-110.

16      These Findings and Recommendations are submitted to the United

17  States District Judge assigned to the case, pursuant to the

18  provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days**

19  after being served with these Findings and Recommendations,

20  plaintiff may file written objections with the court.  Such a

21  document should be captioned "Objections to Magistrate Judge's

22  Findings and Recommendations."  Plaintiff is advised that failure

23  to file objections within the specified time may waive the right to

24  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

25  (9th Cir. 1991).

26      IT IS SO ORDERED.

27  Dated:   __October 1, 2007__          _____/s/ Dennis L. Beck_____

28                                          UNITED STATES MAGISTRATE JUDGE

3